UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SABRINA AFIFI,

          Plaintiff,

    v.

TINA CHIANG,

          Defendant.

Case No. 25-cv-08263-JST

**ORDER TO SHOW CAUSE WHY PLAINTIFF SHOULD NOT BE DECLARED VEXATIOUS**

Re: ECF No. 18

Plaintiff Sabrina Afifi brought this case alleging housing and disability rights violations against Defendant Tina Chiang. For the following reasons, Plaintiff is ordered to show cause why she should not be deemed a vexatious litigant.

## I.    BACKGROUND

On September 29, 2025, Plaintiff Sabrina Afifi filed this action alleging violations of the Americans with Disabilities Act ("ADA"), Fair Housing Act ("FHA"), and Rehabilitation Act, and 42 U.S.C. §§ 1983, 1985, and 1986. ECF No. at 1. Afifi alleges that Defendant Tina Chiang, her former landlord, prevented her access to safe and accessible housing and services, failed to make sufficient repairs, made false statements about Plaintiffs' conduct that prevented her from receiving emergency housing, and interfered with her children's education. *Id*. at 5. Defendant filed a motion to dismiss on December 30, 2025 to which Afifi failed to respond. ECF No. 12. The Court issued an order to show regarding Afifi's failure to file an opposition, to which Afifi also failed to respond. ECF No. 18. The motion is scheduled for a hearing on June 11, 2026. ECF No. 19.

This is not the first time Afifi has filed an unsuccessful lawsuit in this court, or even the first time she has sued Chiang. The Court has identified 13 lawsuits in this Court in which Afifi

United States District Court
Northern District of California

participated between 2023 and 2025. Her first case was an attempt to remove an unlawful detainer case against her filed by Chiang in state court. *Chiang v. Afifi*, 23-cv-6235-JD (N.D. Cal. 2023). After the Court remanded the case, Afifi attempted to remove the case three more times, each of which ended in a remand order. *See Chiang v. Afifi*, 24-cv-1342-JD (N.D. Cal. 2024); *Chiang v. Afifi*, 24-cv-1665-AMO (N.D. Cal. 2024); *Chiang v. Afifi*, 24-cv-3442-RFL (N.D. Cal. 2024); 25-cv-2074-CRB (N.D. Cal. 2024). In additional lawsuits since that time, Afifi has sued, among others, Chiang, Chiang's attorneys, an electrician, a different landlord, and that landlord's attorneys. The cases in question are as follows:

| Case Name | Case Number | Case Issue | Disposition |
|---|---|---|---|
| *Chiang v. Afifi* | 23-cv-6235-JD (N.D. Cal. 2023) | Unsuccessful removal of state unlawful detainer action | Remanded to state court. ECF No. 13 (March 1, 2024) |
| *Chiang v. Afifi* | 24-cv-1342-JD (N.D. Cal. 2024) | Unsuccessful removal of state unlawful detainer action | Remanded to state court. ECF No. 6 (March 12, 2024) |
| *Chiang v. Afifi* | 24-cv-1665-AMO (N.D. Cal. 2024) | Unsuccessful removal of state unlawful detainer action | Remanded to state court. ECF No. 13 (May 10, 2024) |
| *Chiang v. Afifi* | 24-cv-3242-RFL (N.D. Cal. 2024) | Unsuccessful removal of state unlawful detainer action | Remanded to state court with order to show cause why attorneys' fees should not be imposed. ECF No. 6. (June 3, 2024) |
| *Chiang v. Afifi* | 25-cv-2074-CRB (N.D. Cal. 2025) | Unsuccessful removal of state unlawful detainer action | Remanded to state court. ECF No. 19 (April 25, 2025) |
| *Afifi v. Kerab* | 25-cv-6295-EMC (N.D. Cal. 2025) | Housing and discrimination lawsuit against landlord Ahmed Korab | Pending; no action taken since September 9, 2025 |
| *Afifi v. ZCA Homes LLC, Kerab, & Chiang* | 25-cv-6702-CRB (N.D. Cal. 2025) | Fraudulent property transfer and racketeering activity, lawsuit against former landlords | Dismissed on screening. ECF No. 11 (March 31, 2026) |

United States District Court
Northern District of California

2

United States District Court
Northern District of California

| Case Name | Case Number | Case Issue | Disposition |
|---|---|---|---|
| *Afifi v. Chiang & Beckman Feller and Chang* | 25-cv-6703-CRB (N.D. Cal. 2025) | Racketeering and 42 U.S.C. § 1983 lawsuit against Chiang and her attorneys | Dismissed for failure to prosecute. ECF No. 23 (February 25, 2026) |
| *Afifi v. AAPT Construction and Stanley Chiang* | 25-cv-6972-CRB (N.D. Cal. 2025) | Defamation and fraudulent misrepresentation lawsuit against electrical company and proprietor | Dismissed upon screening for lack of jurisdiction. ECF No. 10 (October 9, 2025) |
| *Afifi v. Chiang, Beckman, & Quaye* | 25-cv-6973-JD (N.D. Cal. 2025) | Racketeering, 42 U.S.C. § 1983, and FHA retaliation lawsuit against Chiang and her attorneys | Dismissed for failure to prosecute. ECF No. 24 (April 7, 2026) |
| *Afifi v. Hayatt House* | 25-cv-7471-AMO (N.D. Cal. 2025) | Discrimination, intentional infliction of emotional distress, and unfair business practices lawsuit against business for being judged for using a preloaded debit card | Dismissed for failure to file an amended complaint. ECF No. 19 (December 30, 2025) |
| *Afifi v. Mclaughlin & Sanchez LLP, Sanchez, Yorkey, and McLaughlin* | 25-cv-7984-HSG (N.D. Cal. 2025) | Civil rights violation lawsuit against Chiang's attorney and his law firm for actions in the unlawful detainer | Dismissed upon screening for failure to establish jurisdiction and failure to state a claim. ECF No. 11 (November 19, 2025) |

Afifi's prolific litigation is not just limited to this Court. Afifi is currently subject to a second three-year bar against filing any bankruptcy petitions after repeatedly filing for bankruptcy in this district. *In re Sabrina Afifi*, Case No. 24-BK-40071, ECF No. 33 (Bankr. N.D. Cal. Apr. 30, 2024). Afifi filed four successive Chapter 7 or Chapter 11 bankruptcy petitions in this district, each of which was dismissed. *In re Sabrina Afifi*, Case No. 21-BK-40862 (Bankr. N.D. Cal. 2021); *In re Sabrina Afifi*, Case No. 22-BK-41145 (Bankr. N.D. Cal. 2022); *In Re Sabrina Afifi¸* Case No. 23-BK-41707 (Bankr. N.D. Cal. 2023); *In re Sabrina Afifi*, Case No. 24-BK-40071 (Bankr. N.D. Cal. 2024). In the 2024 case, the court issued a show cause order as to why Afifi should not be subject to a one-year bar on the filing of new bankruptcy petitions. *In re Sabrina Afifi*, Case No. 24-BK-40071, ECF No. 29 (Bankr. N.D. Cal. Apr. 8, 2024). In her request instead for a three-year bar against Afifi filing another petition, the United States Bankruptcy Trustee

3

noted that Afifi had filed thirteen prior bankruptcy lawsuits in the Eastern District of California and the Northern District of California between 2013 and 2024. *In re Sabrina Afifi*, Case No. 24-BK-40071, ECF No. 32 at 3–4. (Bankr. N.D. Cal. Apr. 30, 2024). The Trustee noted that in Afifi's ninth bankruptcy case in the Eastern District of California, the U.S. Trustee had initiated an adversary proceeding and sought an injunction against her to prevent additional abusive bankruptcy filings. *Id*. at 5 (citing *U.S. Trustee v. Afifi*, Case No. 15-BK-09010 (Bankr. E.D. Cal. 2015)). The Eastern District bankruptcy court then entered a three-year bar against Afifi on filing petitions in that district. *In re Sabrina Afifi*, Case No. 15-BK-90174, ECF No. 31 (Bankr. E.D. Cal. Jun. 15, 2015). The U.S. Trustee noted that Afifi's bankruptcy petitions were filed in bad faith in order to thwart the eviction efforts of multiple landlords. *In re Sabrina Afifi*, Case No. 24-BK-40071, ECF No. 33 at 6–7 (Bankr. N.D. Cal. Apr. 30, 2024).[1]

## II.    LEGAL STANDARD

"Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990). For that reason, "[t]he All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants. However, such pre-filing orders are an extreme remedy that should rarely be used." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citations omitted). The Ninth Circuit has established "four factors for district courts to examine before entering pre-filing orders." *Id.* "First, the litigant must be given notice and a chance to be heard before the order is entered"; second, the court "must compile 'an adequate record for review'"; third, the court "must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation"; and fourth, "the vexatious litigant order 'must be narrowly tailored to closely fit the specific vice encountered.'" *Id.* (citing *De Long*, 912 F.2d at

---

[1] Afifi has also filed a variety of lawsuits and been named in many unlawful detainer actions in California state courts, but the Court lacks the same level of information regarding those cases as it has for her federal filings. *See, e.g., Afifi v. Chiang*, No. 23CV040824 (Cal. Super. Ct. Alameda Cnty.); *Afifi v. Chiang*, No. 25CV143555 (Cal. Super. Ct. Alameda Cnty.) *Afifi v. Beckman Fellar & Chang LLP., et al*, No. 25CV131089 (Cal. Super. Ct. Alameda Cnty.); *Afifi v. Kerab*, 25CV140987 (Cal. Super. Ct. Alameda Cnty.)

1147-49).  In considering the third and fourth factors, the Ninth Circuit applies the test from *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2nd Cir. 1986).  *See Molski*, 500 F.3d at 1058.

### III.    DISCUSSION

Afifi has repeatedly filed actions against her landlords that were dismissed for lack of merit or failure to prosecute and repeatedly removed state lawsuits to federal court after remand orders that demonstrated a lack of federal jurisdiction.  Other courts in this district have warned Afifi that she might be subject to sanctions if she persisted in this conduct, but the conduct has continued unabated.  *See Chiang v. Afifi*, 24-cv-03242-RFL, ECF No. 9 (N.D. Cal. June 3, 2024) (warning Afifi that another attempt to remove an unlawful detained from state court might lead to an award of fees and costs) (Lin, J.); *Chiang v. Afifi*, 25-cv-2074-CRB, ECF No. 19 (N.D. Cal. 2025) (remanding an unlawful detainer case after an attempt to remove that followed Judge Lin's warning).  Defendant Chiang moved to designate Afifi as a vexatious litigant for her repeated, bad faith attempts to impede unlawful detainer proceedings by improper removal, *Chiang v. Afifi*, 25-cv-2074-CRB, ECF No. 9 (N.D. Cal.  Mar. 14, 2025), but that court found the motion to be premature—nonetheless warning Afifi that further abuse of the court process could lead to the imposition of sanctions, *id.* ECF No. 19 (N.D. Cal. Apr. 25, 2025).  In the present case, she failed to oppose a motion to dismiss, essentially conceding the merits of that motion.  ECF No. 18.  The volume, repetitive nature, lack of merit, and repeated failure to prosecute of Afifi's cases suggest Afifi may have filed these lawsuits in bad faith.  *See Molski,* 347 F.Supp.2d at 864-66.  Afifi is also in the middle of her second three-year bar on the filing of new bankruptcy petitions, which resulted from her repeated, improper attempts to use the bankruptcy system to prevent an eviction. *In re Sabrina Afifi*, Case No. 24-BK-40071, ECF No. 33 (Bankr. N.D. Cal. Mar. 3, 2024); *In re Sabrina Afifi*, Case No. 15-BK-90174, ECF No. 31 (Bankr. E.D. Cal. Jun. 15, 2015).

For these reasons, Plaintiff must appear before this court on June 30, 2026 at 2:00 p.m. to respond to this order to show cause.  The hearing will proceed by Zoom webinar.  Plaintiff must file a written response to this order no later than June 23, 2026 addressing why she should not be declared a vexatious litigant and barred from filing further actions in this court with respect to any of the above-listed defendants and with respect to these or substantially similar claims without

5

pre-filing review.

The Court will hold the motion to dismiss in abeyance pending disposition of this order to show cause. The case management conference scheduled for May 26, 2026 is vacated.

**IT IS SO ORDERED.**

Dated: May 26, 2026



JON S. TIGAR
United States District Judge

United States District Court
Northern District of California