United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SABRINA AFIFI,
Plaintiff,
v.
TINA CHIANG,
Defendant.

Case No. 25-cv-08263-JST

**ORDER DECLARING PLAINTIFF A VEXATIOUS LITIGANT**

Re: ECF No. 23

On May 26, 2026, the Court issued an order to show cause why plaintiff Sabrina Afifi should not be declared a vexatious litigant. ECF No. 23. Plaintiff filed a response on June 22, 2026. ECF No. 25. For the following reasons, the Court will declare Afifi vexatious.

Courts have the authority to declare a party vexatious and require them to seek permission from the Court before filing pro se complaints. *See* 28 U.S.C. § 1651(a) ("The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."). A pre-filing review order is appropriate when

> (1) the plaintiff is given adequate notice and an opportunity to oppose the order;
> (2) there is an adequate record for review;
> (3) the Court makes findings as to the frivolous or harassing nature of the litigant's actions;
> and (4) the order is narrowly tailored.

*Eng v. Marcus & Millichap Co.*, No. C 10-05050-CRB, 2011 WL 2175207, at *4 (N.D. Cal. June 3, 2011) (citing *Johns v. Town of Los Gatos*, 834 F.Supp. 1230, 1232 (N.D. Cal.1993)). These conditions are satisfied here.

First, Afifi was given notice and an opportunity to be heard. The Court issued an order to

show cause as to why Afifi should not be declared vexatious on May 26, 2026. ECF No. 23. Afifi filed a response on the motion on June 22, 2026. ECF No. 25. The Court held a hearing on June 30, 2026. These steps satisfy the requirement of adequate notice and an opportunity to oppose. *Austin v. Georgetown Univ.*, No. 24-CV-00260-CRB, 2024 WL 6045567, at *1 (N.D. Cal. Oct. 16, 2024), *reconsideration denied*, No. 24-CV-00260-CRB, 2024 WL 4775733 (N.D. Cal. Nov. 13, 2024), and *aff'd*, No. 24-6943, 2025 WL 1779838 (9th Cir. June 27, 2025); *Ou-Young v. Roberts*, No. C-13-4442 EMC, 2013 WL 6732118, at *8 (N.D. Cal. Dec. 20, 2013)

Next, there is an adequate record for review. An adequate record must be "sufficiently developed to show that [a plaintiff] was abusing the judicial system." *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). As the Court noted in its order to show cause, Afifi has filed 13 cases in this district in the last three years, including several lawsuits against Defendant Tina Chiang and her lawyers. ECF No. 23 at 2–3. Further, Afifi is in the middle of a second three-year ban against filing bankruptcy petitions, the first of which was issued by the United States Bankruptcy Court for the Eastern District of California and the second by the United States Bankruptcy Court for the Northern District of California. *Id.* at 4. These bans were imposed after she filed thirteen prior bankruptcy lawsuits in bad faith for the purpose of thwarting prior unlawful detainer actions. *Id.* (citing *In re Sabrina Afifi*, Case No. 24- BK-40071, ECF No. 33 at 6–7 (Bankr. N.D. Cal. Apr. 30, 2024). Therefore, the Court finds that it has assembled an adequate record that indicates that Afifi was abusing the judicial system

Next, the Court finds that Afifi has abused the judicial system. Each of the cases filed in this district was either dismissed for lack of jurisdiction, dismissed for failure to prosecute, dismissed for failure to state a claim, or remanded to state court. ECF No. 23 at 2–3. Afifi has repeatedly filed actions against her landlords that were dismissed for lack of merit or failure to prosecute and repeatedly removed state lawsuits to federal court after remand orders that demonstrated a lack of federal jurisdiction. *Id.* at 5. Indeed, other courts in this district have warned Afifi that she might be subject to sanctions if she persisted in this conduct, but the conduct has continued unabated. *Id.* Attempts to relitigate the same frivolous claims against similar defendants, as Afifi has done, is "harassing and vexatious" conduct. *Dewey v. City of Los*

*Angeles*, 2021 WL 8892911, *4 (C.D. Cal. Feb. 9, 2021).

Finally, the Court must issue a narrowly tailored order. "Any potential order needs to be narrowly tailored to fit the specific vice encountered." *Boustred v. Gov't*, 2008 WL 4287570, at *3 (citing *DeLong*, 912 F.2d at 1148). Afifi's prior lawsuits in this district have involved unlawful detainer claims and claims against her landlords and their attorneys and tradespeople. Such claims have included not only landlord/tenant issues, but also claims for disability discrimination, racketeering, and defamation. ECF No. 23 at 2–3. Accordingly, the Court finds that when filing a pro se complaint or notice of removal involving any claim against her current or former landlord or any person working on behalf of her current or former landlord, whether regarding a landlord-tenant dispute or any other claim, Afifi must obtain certification from the general duty judge that her complaint is comprehensible and not facially frivolous.

**CONCLUSION**

For the foregoing reasons, the Court declares Afifi to be a vexatious litigant. The Clerk of this Court shall not file or accept any further complaint filed by or on behalf of Ms. Afifi alleging any dispute with a landlord or an attorney for a landlord; wrongful eviction; housing or disability discrimination; or any other claim based on a dispute with one or more landlords unless and until that complaint has first been reviewed by the general duty judge of this Court and approved for filing. If Ms. Afifi wishes to file a complaint alleging any such claims, she shall provide a copy of any such complaint, a letter requesting that the complaint be filed, and a copy of this Order to the Clerk of this Court. The Clerk shall then forward the complaint, letter, and copy of this Order to the general duty judge for a determination whether the complaint should be accepted for filing. Any violation of this Order will expose Ms. Afifi to a contempt hearing and appropriate sanctions, and any action filed in violation of this Order will be subject to dismissal.

**IT IS SO ORDERED.**

Dated: July 17, 2026

JON S. TIGAR
United States District Judge