United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SABRINA AFIFI,

Plaintiff,

v.

TINA CHIANG,

Defendant.

Case No. 25-cv-08263-JST

**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE**

Re: ECF No. 12

On February 5, 2026, the Court ordered Plaintiff Sabrina Afifi to respond to an order show cause by February 19, 2026 why she failed to file a response to Defendant Tina Chiang's motion to dismiss. ECF No. 18. The Court warned that, if she did not respond, "the Court is likely to dismiss this case for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure." *Id.* For the reasons set forth below, the Court now dismisses this action without prejudice.

## I. PROCEDURAL HISTORY

On September 29, 2025, Plaintiff Sabrina Afifi filed this action alleging violations of the Americans with Disabilities Act ("ADA"), Fair Housing Act ("FHA"), and Rehabilitation Act, as well as 42 U.S.C. §§ 1983, 1985, and 1986. ECF No. at 1. Afifi alleges that Defendant Tina Chiang, her former landlord, discriminated against her based on disability and familial status; failed to make needed repairs; made false statements about Plaintiffs' conduct that prevented her from receiving emergency housing, and interfered with her children's education. *Id.* at 5. Chiang filed a motion to dismiss on December 30, 2025 to which Afifi failed to respond. ECF No. 12.

The Court then issued an order to show cause regarding Afifi's failure to file a response,[1] to which Afifi also failed to respond. ECF No. 18. The Court subsequently issued an order to show cause as to why Afifi should not be declared vexatious, to which Afifi filed a response. ECF No. 25. The Court issued an order declaring Afifi a vexatious litigant. ECF No. 27.

## II. DISCUSSION

The district court has the discretion to dismiss a case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.,* 370 U.S. 626, 630–31 (1962). "Despite this authority, dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (citations omitted); *see also* Fed. R. Civ. P. 41(b) (dismissal for failure to prosecute "operates as an adjudication on the merits.").

Courts weigh five factors in determining whether to dismiss a case for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *See Ferdik,* 963 F.2d at 1260–61. Having considered each factor in turn, the Court finds that they weigh favor of dismissal of this case.

First, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). That is true here. Afifi failed to respond to the motion to dismiss and failed to respond to the Court's order to show cause. *See* ECF No. 26. Afifi's failures to respond are contrary to the "public's interest in expeditious resolution of litigation." *Yourish* at 990. Accordingly, this factor weighs in favor of dismissal.

Second, "[i]t is incumbent upon [courts] to manage [their] docket[s] without being subject

[1] Afifi was required to file either an opposition or a statement of non-opposition. Civil L.R. 7-3(b).

United States District Court
Northern District of California

to routine noncompliance of litigants." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik*, 963 F.2d at 1261). Here, Afifi has demonstrated such "routine noncompliance" by failing to respond to the Court's order and the motion to dismiss. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Id*. The present delay has "consumed some of the court's time that could have been devoted to other cases on the docket." *Id.* Accordingly, this factor weighs in favor of dismissal.

Third, in order to prove prejudice, "a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Id.* (citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)). "Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default." *Malone*, 833 F.2d at 131 (citation omitted). The court in *Malone* found the plaintiff's excuse for her failure to comply with the order to be "groundless," justifying dismissal for failure to prosecute under Rule 41(b). *Id*. Here, Afifi offers no excuse at all. In a similar case, *Mondala v. Wells Fargo Bank, N.A*., the court entered dismissal when the plaintiff was "entirely absent" and missed two court-ordered deadlines. 2018 WL 3126392, at *2 (N.D. Cal. June 26, 2018). Accordingly, this factor weighs in favor of dismissal.

Fourth, while "[p]ublic policy favors disposition of cases on the merits," such that "this factor weighs against dismissal," Afifi is not precluded from litigating these claims when she is prepared to do so in compliance with the Court's orders. *See Pagtalunan*, 291 F.3d at 643.

Finally, the Court has attempted to avail itself of "less drastic sanctions" that have proven ineffective in advancing the case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). The Court provided Afifi with two weeks to file a response to the order to cause. *See* ECF No. 18. The Court expressly warned Afifi that her case was at risk of dismissal for failure to prosecute. *Id*. Several months went by without Afifi ever filing a response to the order to show cause or the motion to dismiss. Accordingly, this factor weighs in favor of dismissal.

Because four of the five factors weigh in favor of dismissal, the Court finds that dismissal of Afifi's case for failure to prosecute is appropriate.

**CONCLUSION**

For the foregoing reasons, the Court dismisses the case for failure to prosecute under Fed. R. Civ. P. 41(b). Dismissal is without prejudice. The Clerk of the Court shall enter judgment and close the case.

**IT IS SO ORDERED.**

Dated: August 31, 2026

JON S. TIGAR
United States District Judge